# PIEPER,
## *Petitioner,*
### *v.*
# HEALTH DIVISION,
## *Respondent.*
# (No. CA 12722, SC 26331)
606 P2d 1145

S. David Eves, Corvallis, argued the cause for petitioner. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, Tongue, Howell, Lent, Linde and Peterson, Justices, and Tanzer, Justice Pro Tempore.

TONGUE, J.

**TONGUE, J.**

This is a petition for review of an order by the Oregon State Health Division pursuant to ORS 222.880 under which the City of Corvallis would be required to annex an area adjacent to that city without a vote of "the electorate" based upon findings that a danger to public health exists in that area.[1] The Court of Appeals affirmed without opinion. 40 Or App 485, 595 P2d 851 (1979). We granted review limited to the question whether the order by the Health Division was a valid order in view of ORS 222.915, which provides that:

> "The provisions of ORS 222.850 to 222.915 do not apply to proceedings to annex territory to any city if the charter or ordinances of the city *conflict with or are inconsistent with* ORS 222.850 to 222.915."[2] (Emphasis added)

Petitioner contends that the order by the Health Division was invalid because Section 88 of the Corvallis City Charter requires that annexations be put to a vote of "the electorate," and that the proceedings under ORS 222.850-222.915 in this case are "inconsistent" with that section of the Corvallis City Charter, which provides as follows:

> "*Unless mandated by state law,* annexation, delayed or otherwise, to the City of Corvallis may only be approved by a prior majority vote among the electorate." (Emphasis added)

In support of that contention, petitioner argues that it appears from an examination of the legislative history of ORS 222.850-222.915, as adopted in 1967 (1967

---

[1] ORS 222.850 to 222.915 provides procedures for the annexation to cities of areas found by the Health Division to be a "danger to public health."

ORS 222.896 provides:

> "Judicial review of final orders under ORS 222.850 to 222.915 shall be as provided in ORS 183.480 to 183.500 for judicial review of contested cases."

[2] Petitioner also makes other contentions which we do not consider on this petition for review.

Or Laws ch 624) that the legislature "wished to insure that both the city (and) the outlying area could initiate the procedure" for annexation of areas found to be a danger to public health, but that because the legislature "disfavored an annexation between the unwilling parties," it "was concerned that the city be given an out to avoid violations of its own charter," and that, for these reasons, ORS 222.915 was originally enacted with *two* sections and provided as follows:

"The provisions of ORS 222.850 to 222.915 do not apply to proceedings to annex territory to any city:

"(1) If the charter or ordinances of the city conflict with or are inconsistent with ORS 222.850 to 222.915; and

"(2) Unless the charter and ordinances of the city authorize and require the city to proceed in accordance with ORS 222.850 to 222.915."

In 1971 the legislature amended ORS 222.915 by deleting section (2) (1971 Or Laws ch 673 § 5). In 1976 the City of Corvallis amended its charter by enacting § 88, as set forth above. According to counsel for petitioner, Corvallis is the only city in Oregon with such a charter provision.

Petitioner contends that "despite the words 'unless mandated by state law,' there is a conflict with the intent of the Corvallis Charter § 88 to put annexation to the vote of the people." According to petitioner's brief, that conflict arises as follows:

"The legislature's concern that reciprocity be presented [sic] also enters consideration here. Under ORS 222.860, a city *may* initiate an involuntary annexation. But in the case of Corvallis, the City Charter expressly says that the city may only annex if *mandated* by state law. Thus, Corvallis is precluded by its charter in initiating this voluntary proceeding.

"Since the outlying area can petition to start the annexation procedure while the city cannot, reciprocity is lost and the city is forced into acting in a manner which it cannot act on its own initiative, violating the legislative intent.

[554]

"Such a result, considered in light of the express desire of Corvallis residents to vote on all annexations, is inconsistent with the provisions of ORS 222.850-222.915." (Emphasis in original)

The fallacy of these contentions, in our view, arises from the premise on which they are based—"the express desire of Corvallis residents to vote on *all* annexations." On the contrary, section 88 of the Corvallis City Charter specifically provides that annexations "mandated by state law" need not be approved by such a vote. Under this analysis, the only remaining question in this case is whether this annexation is one "mandated by state law."

As stated by petitioner, ORS 222.915, as originally adopted in 1967, included, as subsection (2), a requirement to the effect that a proceeding under ORS 222.850 to 222.915 for health danger annexation without a vote of "the electorate" could not be initiated by residents of an outlying area "unless the charter and ordinances of the city authorize and require the city" to also initiate such a proceeding under that same statute. As also stated by the petitioner, that subsection was repealed in 1971.

ORS 222.850 to 222.915 provides a procedure for annexation by cities without a vote of its "electorate" of outlying areas in which conditions are found to constitute a danger to public health. By the terms of that statute such proceedings may be instituted in any one of three ways:

(1) The council of any city "may" initiate such a proceeding by passing a resolution proposing such an annexation. The local board of health shall then verify the conditions alleged in the proposal, after which the resolution is sent by the city council to the State Health Division with a request that it ascertain whether conditions dangerous to the public health exist in that area (ORS 222.860).

(2) Any 11 residents of an area adjacent to a city may apply to the local board of health to initiate such a proceeding (ORS 222.905(2)).

(3) The local board of health may also initiate such a proceeding in the same manner as a city is authorized to proceed, i.e., by the adoption of a resolution proposing annexation (ORS 222.905(1)).

Upon receipt by the Health Division of such a resolution from either the city or local board of health, it is required to hold a hearing to determine whether a danger to public health exists in the area, followed by written findings (ORS 222.870; 222.875; 222.850). If such findings demonstrate that a danger to public health exists, the findings are then filed with the city (ORS 222.880), after which it is provided by the statute that the city council "shall adopt an ordinance" to annex the area described in such findings (ORS 222.900), subject to provisions for consideration of alternative plans and plans for "alleviation," as provided by ORS 222.885 and 222.898.

It appears from the record in this case that this proceeding was not initiated by the council of the City of Corvallis (as provided by ORS 222.860), but that it was initiated by a petition of 21 persons residing in the area in question to the Benton County Board of Health, after which it adopted a resolution requesting the State Health Division to "ascertain whether conditions dangerous to public health exist in said territory" all as provided by ORS 222.905.

Had this proceeding been initiated by the Corvallis City Council under ORS 222.860, petitioner might have some basis for his contention that the proceeding is improper because "Corvallis is precluded by its charter in initiating this voluntary proceeding." We need not consider or decide, however, whether, in such an event, this proceeding would be improper because it was not initiated by the city under ORS 222.860, but was initiated by petition of residents of the area to the local board of health under ORS 222.905.

When, as in this case, the statutory procedure provided by ORS 222.850 to 222.915 is initiated in this manner by residents of the area, and when the local

board of health then adopts a resolution requesting the State Health Division to investigate the conditions in the area, followed by a hearing conducted by it and findings approved by it that there are conditions in that area which are a danger to the public health, it follows that annexation by the city is then "mandated by state law." It also follows in such a case, in our opinion, that because such an annexation is "mandated by state law" it need not be "approved by a prior majority vote among the electorate" of the City of Corvallis, as provided by section 88 of the Corvallis City Charter for annexations not "mandated by state law."

For the same reasons, it follows, in our opinion, that when such a proceeding is initiated by the residents of the area, so as to result in an annexation "mandated by state law," there is no "inconsistency" between that section of the Corvallis City Charter and the provisions of the statute under which *this* proceeding was initiated and conducted, so as to bar such a proceeding by reason of the provisions of ORS 222.915 relating to annexation by cities with charters or ordinances which are "inconsistent" with ORS 222.850 to 222.915.

It may be that if, as in this case, proceedings of compulsory annexation under ORS 222.850 to 222.915 can be initiated by residents of the outlying area, but not (according to petitioner's contention) by the Corvallis City Council, there would be a lack of the "reciprocity" originally intended by the legislature. According to the legislative history of this statute, however, the reason for its desire to have such reciprocity was the concern that otherwise a statute which provided for compulsory annexation by a proceeding initiated by residents of an area outside the limits of a city might violate the "home rule" rights of the city under Article XI § 2 of the Oregon Constitution. Such a concern can have no relevance, however, when, as in this case, the city, by the terms of its charter, does not require a vote of its electorate for annexations which

[557]

are "mandated by state law," as is an annexation proceeding initiated by the residents of an adjacent area under the terms of ORS 222.850 to 222.915.

For these reasons, we must affirm the decision by the Court of Appeals.